[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff William Chiarenzelli, Chief of Police of the town of Westport, appeals the decision of the defendant board of firearms permit examiners ordering him to issue a permit to carry a pistol or revolver to William Valle of the state of New Hampshire. The board acted pursuant to General Statutes §29-32b(b). The plaintiff's appeal is authorized by § 4-183. The court finds the issues in favor of the defendant board.
The facts essential to the court's decision are not in dispute. Raymond Valle is a resident of New Hampshire and is employed by an organization having a place of business in Westport. He presently holds permits or licenses to carry pistols or revolvers in the states of New Hampshire and Massachusetts. On December 9, 1992, Valle applied to the plaintiff for a permit pursuant to General Statutes § 29-28. That statute provides that the chief of police of a town "may" issue a permit to any resident of another state who currently has a permit issued by that or any other state upon a finding (1) that the individual intends to make no unlawful use of the firearm and (2) that the individual is a "suitable person to receive such permit." On March 16, 1993, the plaintiff rejected Valle's application. His stated reason for rejecting it was that Valle is a resident of another state and he "would have no way of checking on this individual." CT Page 6862-K
Valle appealed the plaintiff's decision to the board pursuant to § 29-32b(b). That statute provides that the board shall hold a hearing de novo and that "unless it finds that such a refusal (to issue a permit) . . . would be for just and proper cause, it shall order such permit to be issued . . . ." The board held a hearing at which the plaintiff, represented by his town attorney, appeared and testified. Valle also appeared and testified, and the board received other evidence, including Valle's application and the plaintiff's decision thereon.
Following the hearing, the board rendered a written decision in which it found that the plaintiff is a suitable person to have a permit and that the plaintiff's sole reason for rejecting his application, lack of residency, is not "just and proper cause" for rejection. Based on those findings and conclusions, the board ordered the plaintiff to issue a permit to Valle. The plaintiff appeals that order to this court.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence the agency has acted unreasonably arbitrarily, illegally, or in abuse of its discretion." Conn. Light PowerCo. v. Dept. of Public Utility Control, 219 Conn. 51, 57-58
(1991). Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." id. "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding the decision must be upheld" Conn. BuildingWrecking Co. v. Carrothers, 218 Conn. 580, 601 (1991).
The court has reviewed the entire record in this case and concludes that the board's decision must be affirmed. The board's conclusion that lack of residency in a town does not afford a proper basis for a chief of police to reject an application for a gun permit is clearly correct. Section 29-28
(a) affirmatively allows the issuance of a local permit to "any bona fide resident of the United States having a permit or license to carry any firearm issued by the authority of any state CT Page 6862-L or subdivision of the United States." It is undisputed that Valle is a resident of the state of New Hampshire and that he has permits to carry a gun issued by that state and the state of Massachusetts.
The court also concludes that the board had sufficient and substantial evidence to support its finding that Valle is a suitable person to receive a permit. In addition to evidence that he has such permits issued by other states, the board had evidence that he is employed, has no criminal record, has been on competitive pistol teams, and desires a permit to enable him to continue to practice target shooting.
The plaintiff contends that the only appropriate forum for a finding of suitability is the office of the local police department. That argument, however, overlooks the provisions of § 29-32b(b). That statute, in effect, requires the board to make the necessary findings and conclusions when, as here, the chief of police has neglected or refused to do so.
The appeal is dismissed.
MALONEY, J. CT Page 6862-M
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 6862-BB